UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON CRUZ MENDES, | : | |
|  Petitioner | : | CIVIL ACTION NO.: 3:15-CV-0645 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|  Respondent | : | |

# MEMORANDUM

On April 2, 2015, Petitioner, Nelson Cruz Mendes, an inmate currently incarcerated at the Correctional Institution at Moshannon Valley, Philipsburg, Pennsylvania ("CI-Moshannon Valley"), filed the above-captioned action, seeking "immediate deportation pursuant to I.N.S. 242 (h) as amended in 8 U.S.C. § 1252 (h)(2)(A)." (Doc. 1). For relief, Petitioner seeks to be deported without having to complete the remainder of his sentence. (Id. at p. 1). Furthermore, Petitioner states that he is "ready and willing to waive his rights for deportation hearings before the completion of his sentence of imprisonment." (Id.). Consequently, Petitioner's motion will be construed as seeking habeas corpus relief under 28 U.S.C. § 2241.[1] See Bratini v. United States, 2015 U.S. Dist. LEXIS 44175, *1

---

1. "Habeas corpus review under § 2241 'allows a federal prisoner to challenge the "execution" of his sentence.' Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 241 (3d Cir. 2005). Review is available 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.' Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)." Bratini v. United

n.1 (M.D. Pa. Apr. 3, 2015) (Brann, J.) (construing petitioner's action requesting to be immediately deported without having to complete the remainder of his federal sentence as a section 2241 habeas petition). For the reasons set forth below, Petitioner's action will be transferred to the United States District Court for the Western District of Pennsylvania.

**DISCUSSION**

Habeas corpus petitions pursuant to section 2241 "may only be sought in the district court having jurisdiction over a petitioner's custodian."[2]  Bratini, 2015 U.S. Dist. LEXIS 44175, *2 (citing Rumsfeld v. Padilla, 426, 442 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973)). Although CI-Moshannon Valley's mailing address is in Philipsburg, Pennsylvania, which is located in Centre County and "within the confines of the Middle District of Pennsylvania," CI-Moshannon Valley "is actually located in Decatur Township, Clearfield County, Pennsylvania, which is within the jurisdiction of the United

---

States, 2015 U.S. Dist. LEXIS 44175, *1 n.1 (M.D. Pa. Apr. 3, 2015) (Brann, J.).

2. Here, the only named Respondent is the United States of America. (Doc. 1, p. 1). However, "[t]he only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case the [CI-Moshannon Valley] Warden." Bratini, 2015 U.S. Dist. LEXIS 44175, *1-2 n.2 (citing 28 U.S.C. § 2242).

States District Court for the Western District of Pennsylvania." Bratini, 2015 U.S. Dist. LEXIS 44175, *2 (citing Tsoukalas v. United States, 215 F. App'x 152 (3d Cir. 2007) (per curiam) (jurisdiction over a section 2241 petition filed by a CI-Moshannon Valley inmate rests within the United States District Court for the Western District of Pennsylvania)). Therefore, "[a]s recognized in Tsoukalas, this Court lacks jurisdiction over the Warden of [CI-Moshannon Valley]." Id. at *3.

"A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought." Id. (citing 28 U.S.C. § 1404(a)). As a result, this action will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to section 1404(a). A separate Order will be issued.

Dated: April 15, 2015 /s/ William J. Nealon
**United States District Judge**